UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH DIGIORGIO and RAYMOND MORIN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   C.A. No. 11-237-M<br>) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CITIMORTGAGE, INC.; AND FEDERAL NATIONAL MORTGAGE ASSOCIATION | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MOTION TO DISMISS OF DEFENDANT CITIMORTGAGE, INC.**

Defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant") submits this Motion to Dismiss the complaint of Plaintiffs Elizabeth Digiorgio and Raymond Morin ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Plaintiffs' complaint does not contain factual allegations sufficient to invoke the subject matter jurisdiction of this Court, and does not contain factual allegations sufficient to state a claim for relief against Defendant. Therefore, the complaint should be dismissed. In further support of this Motion, Defendant submits the accompanying Memorandum of Law. Pursuant to Local Rule Cv 7(e), Defendant requests oral argument on this Motion, and anticipates that thirty minutes would be needed for oral argument.

CITIMORTGAGE, INC.,

By its Attorneys,

/s/ Joseph A. Farside
Joseph A. Farside (#7559)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI  02903
Telephone:  (401) 455-7648
Facsimile:   (401) 276-6611

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 7th day of July, 2011, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Joseph A. Farside

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH DIGIORGIO and <br> RAYMOND MORIN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC.; <br> CITIMORTGAGE, INC.; AND FEDERAL <br> NATIONAL MORTGAGE ASSOCIATION <br> <br> Defendants. | C.A. No. 11-237-M |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS</u>**

                      Joseph A. Farside (#7559)
                      EDWARDS ANGELL PALMER & DODGE LLP
                      2800 Financial Plaza
                      Providence, RI 02903
                      (401) 455-7648
                      (401) 276-6611 (Fax)

                      *Attorneys for Defendant CitiMortgage, Inc.*

TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................................. 1

STATEMENT OF FACTS ................................................................................................................. 2

ARGUMENT ........................................................................................................................................ 4

    A.    ALL COUNTS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM THAT IS RIPE FOR ADJUDICATION ..................................... 4

        1.    Standard of Review Under Rule 12(b)(1) ................................................. 4

        2.    This Case Is Not Ripe for Adjudication ................................................... 5

    B.    ALL COUNTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................................... 7

        1.    Standard of Review Under Rule 12(b)(6) ................................................. 7

        2.    Both Counts I and II Should Be Dismissed Because Plaintiffs Lack Standing to Challenge Assignments of the Mortgage ............................. 8

        3.    Both Counts I and II Should Be Dismissed Because the Complaint Itself Alleges a Valid Assignment of the Mortgage from MERS to CitiMortgage and from CitiMortgage to FNMA .......................................................... 10

        4.    Both Counts I and II Should Be Dismissed Because Plaintiff's Argument that Only the Original "Lender" Can Foreclose Fails as a Matter of Law .......... 11

        5.    The Declaratory Judgment Claim (Count I) Should Be Dismissed Because it is Duplicative of the Claim to Quiet Title ......................................... 13

        6.    The Claim To Quiet Title (Count II) Should Be Dismissed .............................. 14

CONCLUSION ................................................................................................................................. 15

REQUEST FOR ORAL ARGUMENT ........................................................................................... 15

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS

Defendant CitiMortgage, Inc. ("Defendant" or "CitiMortgage") respectfully submits this Memorandum of Law in support of its Motion to Dismiss each count of the complaint of Elizabeth Digiorgio and Raymond Morin ("Plaintiffs") pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction (Counts I and II) and Rule 12(b)(6) for failure to state a claim upon which relief can be granted (also Counts I and II).

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' complaint ("Complaint") fails to allege any facts which support a cognizable cause of action. Instead, the Complaint is Plaintiffs' attempt to prevent or delay the occurrence of potential foreclosure proceedings under the terms of a mortgage executed by Plaintiffs. The Complaint challenges assignments of the mortgage even though Plaintiffs were not parties to those assignments. The Complaint also offers a twisted and strained reading of the terms of the mortgage to accomplish Plaintiffs' goal of delay.

The Complaint does not allege that defendant CitiMortgage threatened to foreclose or challenged Plaintiffs' ownership of the property subject to the mortgage. In fact, the Complaint expressly states that CitiMortgage did not invoke foreclosure proceedings against the Property. The Complaint does not allege what possible or hypothetical injury Plaintiffs may face as a result of any action of CitiMortgage. Even the allegation that the mortgage was not properly assigned as among the three defendants is contradicted by documents attached to the Complaint itself. For these reasons, as set forth more fully below, the Complaint's allegations fail to support a claim for liability against CitiMortgage, and should therefore be dismissed.

## **STATEMENT OF FACTS**

The facts that follow come from the Complaint, which are taken as true solely for purposes of this motion to dismiss.

Plaintiffs obtained a mortgage from CitiMortgage for $250,000 secured by real property at 8 Florence Street, North Providence, Rhode Island (the "Property") in 2007. (Compl. ¶ 1, Exh. 2 (Mortgage).) The mortgage defined CitiMortgage as the "Lender" with Mortgage Electronic Registration Systems ("MERS") acting as its nominee. (Compl. ¶¶ 9-10.)

In 2009, MERS attempted to assign the mortgage to CitiMortgage. (Compl. ¶ 11.) Kim Krakoviak executed the assignment on MERS' behalf. (Compl. ¶ 11.) According to the assignment, which is attached to the Complaint,[1] Kim Krakoviak was, at the time of execution of the assignment, a "Vice President" of MERS. (Compl., Exh. 3.) According to one conclusory allegation of the Complaint that cites to no external support, however, "Kim Krakoviak was an employee of CitiMortgage, not an employee of MERS." (Compl. ¶ 12.)

The Complaint alleges that the assignment from MERS to CitiMortgage was ineffectual because the Land Evidence Records do not include a "power of attorney from MERS" authorizing Kim Krakoviak (allegedly a CitiMortgage employee, not a MERS employee) to act for MERS. (Compl. ¶ 18.) Thus, according to the Complaint, MERS' attempted assignment of the mortgage to CitiMortgage was invalid, meaning that the assignment never actually occurred. (Compl. ¶¶ 16, 26.) Because MERS never actually assigned the mortgage to CitiMortgage in the first place, CitiMortgage never actually assigned the mortgage to Federal National Mortgage Association ("FNMA"). (Compl. ¶¶ 26, 53.)

---

[1] Exhibits attached to the Complaint are considered part of the pleading for purposes of a motion to dismiss. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). The same rule applies for documents referred to by the Complaint but that are not necessarily attached thereto. Id.

The Complaint then claims that only CitiMortgage, as the original "Lender" under the mortgage, has the power to foreclose against the Property. It recites for support paragraph 22 of the mortgage entitled "Acceleration; Remedies", and strictly interprets paragraph 22's use of the word "Lender" to conclude that only CitiMortgage, and no other party, could, under any circumstances, foreclose against the Property subject to the mortgage. (Compl. ¶¶ 31-33, 48.) Despite the Complaint's allegations in this regard, paragraph 13 of the mortgage states that "The covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." (Compl. Exh. 2 at 10 of 16.)[2] Furthermore, paragraph 20 of the mortgage expressly allows, among other things, the mortgage to be sold "one or more times without prior notice to" Plaintiff. (Compl. Exh. 2 at 11 of 16.)

The Complaint goes on to allege that CitiMortgage "never invoked the statutory power of sale in this matter." (Compl. ¶ 34.) It is unclear from the remaining allegations of the Complaint which party, if any, ever attempted to invoke the statutory power of sale provided for in the mortgage.

The Complaint is more notable for what it does not allege, which includes, among other things, the following:

- It does not allege that CitiMortgage disputes Plaintiffs' current ownership of the Property; and

- It does not allege that Plaintiffs were a party to any of the assignments of the mortgage or, at a minimum, a third-party beneficiary thereof.

---

[2] The copy of the mortgage attached to the Complaint is incomplete. It omits pages 4-13 of the mortgage document. These pages include Paragraphs 13 and 20, which are described herein. For the Court's ease of reference, a full and complete copy of the mortgage from the North Providence Land Evidence Records is attached to this Memorandum as Exhibit A.

Despite the Complaint's numerous shortcomings, Plaintiffs claim in conclusory fashion that a "justiciable controversy" exists (Compl. ¶ 51), but do not state what the controversy is or between which parties it exists. Although the Complaint never alleges that CitiMortgage disputes or challenges Plaintiffs' ownership of the Property in any way, the Complaint seeks declaratory relief from CitiMortgage as to ownership of the Property in both Count I (declaratory judgment) and Count II (quieting title).

## ARGUMENT

**A. ALL COUNTS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM THAT IS RIPE FOR ADJUDICATION**

Counts I (declaratory judgment) and II (quieting title) of the Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). The Complaint fails to allege facts demonstrating that this matter is ripe for adjudication.

### 1. Standard of Review Under Rule 12(b)(1)

A plaintiff must "allege facts giving rise to a 'case or controversy' which is 'ripe' for adjudication" before a district court can hear the Plaintiffs' claim. Ernst & Young v. Depositors Econ. Prot. Corp., 862 F. Supp. 709, 713 (D.R.I. 1994) (Boyle, J.). These requirements are "particularly important" where the granting of discretionary relief "should be decided on the side of caution." Id. (citing El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 499 (1st Cir. 1992)).

A "jurisdictional challenge based on ripeness of the complaint" is considered a 12(b)(1) motion, and has nothing to do with the merits of the claims asserted in the complaint. Ernst & Young, 862 F. Supp. at 713. The "burden of proof is on the party seeking jurisdiction to present further evidence in support of its position." Id. (citing McNutt v. Gen. Motors & Corp., 298 U.S. 178, 189 (1936)). Where no evidence beyond the complaint is available to the court, the court

can determine the issue based on the memoranda submitted in response to the 12(b)(1) motion. Id. at 713-14.

### 2. This Case Is Not Ripe for Adjudication

A plaintiff must allege facts giving rise to a case or controversy which is "ripe" for adjudication. Ernst & Young, 862 F. Supp. at 713. A claim is only ripe if it is (1) "fit for review" with no need for further development of the facts for a determination on the merits and (2) the "plaintiff is suffering a direct and immediate harm, necessitating a decision on the merits." Id. at 714 (citing W.R. Grace & Co. v. U.S. Envtl. Prot. Agency, 959 F.2d 360, 364 (1st Cir. 1992)). In the First Circuit, a claim is not ripe if it "involves uncertain and contingent events that may not occur as anticipated, or may not occur at all." Id. (citing Lincoln House, Inc. v. Dupre, 903 F.2d 845, 847 (1st Cir. 1990)). Thus, a claim is not ripe if the issue may "never arise or if it does arise, it would be under facts and circumstances not now known."[3] Id.

Specifically, a cause of action seeking declaratory relief in connection with a mortgagee's ability to foreclose in the future is not ripe and must be dismissed where there is no allegation that such foreclosure has occurred. Bunag v. Aegis Wholesale Corp., 2009 U.S. Dist. LEXIS 64605, at *14 (N.D. Cal. July 27, 2009) (dismissing claim for declaratory and injunctive relief to prevent a foreclosure where plaintiff failed to allege that defendants attempted to foreclose on the property); Johnson v. Bank United F.S.B., 2010 U.S. Dist. LEXIS 138078, at *12-13 (E.D. Cal. Dec. 16, 2010) (dismissing claims for declaratory and injunctive relief and wrongful foreclosure for lack of ripeness because complaint lacked allegation that foreclosure had occurred)

---

[3] Rhode Island law is also in accord with the First Circuit's ripeness analysis in the context of claims for declaratory judgment. A "'necessary predicate to a court's exercise of its jurisdiction under the Uniform Declaratory Judgments Act is an actual justiciable controversy.'" Meyer v. City of Newport, 844 A.2d 148, 151 (R.I. 2004) (citation omitted). A justiciable controversy must contain an "injury in fact," which, in turn, is both "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" Id. A claim for declaratory judgment "based on facts and circumstances which may or may not arise at a future date is of necessity unripe and abstract." Berberian v. Travisono, 332 A.2d 121, 124 (R.I. 1975).

(citing <u>Boyles v. Merscorp, Inc.</u>, 2009 U.S. Dist. LEXIS 22906 (C.D. Cal. Mar. 18, 2009) (wrongful foreclosure claim dismissed *sua sponte* because complaint lacked allegation that foreclosure had occurred)). Courts have reached the same conclusion in the wrongful foreclosure context. <u>See</u> <u>Jones v. Bank of Am.</u>, 2010 U.S. Dist. LEXIS 54198, at *9-10 (D. Ariz. June 1, 2010) (wrongful foreclosure claim not ripe because "no foreclosure sale has yet taken place"); <u>Chevy Chase Bank, F.S.B. v. Carrington</u>, 2010 U.S. Dist. LEXIS 17724, at *8 (M.D. Fla. Mar. 1, 2010) (wrongful foreclosure claim not ripe because "[n]otwithstanding [the plaintiff's] citation to letters in which foreclosure is threatened . . . [the defendant] has not yet initiated foreclosure proceedings"); <u>Port City Bank v. Leyco Constr. Co.</u>, 561 S.W.2d 546, 547 (Tex. App. Ct. 1977) (no cause of action for "attempted wrongful foreclosure").

Here, the Complaint fails to allege that any foreclosure proceeding has occurred. In fact, it expressly states that CitiMortgage "never invoked the power of sale in this matter." (Compl. ¶ 34.) The Complaint's allegations are not enough; by their own terms, they do not come close to the threshold requirement set by other federal courts to establish that a declaratory judgment case in this context is ripe for adjudication: that a foreclosure has occurred or is, at least, threatened and imminent. <u>See, e.g.</u>, <u>Jones</u>, 2010 U.S. Dist. LEXIS 54198, at *9-10; <u>Carrington</u>, 2010 U.S. Dist. LEXIS 17724, at *8.

In the end, the Complaint alleges nothing more than that the defendants did not properly assign the mortgage as among themselves. In the absence of an allegation of foreclosure by CitiMortgage against the Property, the Complaint fails to allege a controversy that is fit for review or that involves "direct and immediate" harm suffered by Plaintiffs as a result of any conduct by CitiMortgage. <u>W.R. Grace</u>, 959 F.2d at 364. Instead, a claim against the Defendants would involve the assumption of uncertain and contingent events that may not occur at all (for example, a foreclosure by CitiMortgage or any other of the defendants), <u>Lincoln House</u>, 903 F.2d at 847. For

all of the reasons set forth above, neither Count I nor Count II is ripe for adjudication, and both should be dismissed.[4]

### B. ALL COUNTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Counts I and II (if either survives dismissal based on lack of subject matter jurisdiction) of the Complaint should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiffs have no standing to challenge assignments of their mortgage and, in any event, the assignments were valid. Furthermore, Plaintiffs' theory of foreclosure by the original "lender" only fails as a matter of law. Finally, the claims for declaratory judgment and to quiet title have their own substantive deficiencies, set forth below.[5]

#### 1. Standard of Review Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Generally speaking, this Court must accept as true all of the allegations contained in the Complaint. However, that well known tenet does not apply to legal conclusions. "Although for

---

[4] Counts I and II of the Complaint should also be dismissed for lack of subject matter jurisdiction because the Complaint does not allege an actionable case or controversy in the first place. See, e.g., Providence Journal Co. v. Travelers Indem. Co., 938 F. Supp. 1066, 1079 (D.R.I. 1996) (Lagueux, J.) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937)); Duska v. Duska, 2008 U.S. Dist. LEXIS 103732, at *4-7 (D.R.I. Dec. 10, 2008) (Lisi, C.J.) (dismissing action on case or controversy grounds in the absence of "adverse legal interests" between the parties). The Complaint in this case also fails to allege a concrete, actionable controversy; only a hypothetical, or contingent controversy is alleged (the mere possibility of foreclosure in the future). Without waiving this argument, CitiMortgage instead focuses the Court's attention on the ripeness argument, as ripeness has been more frequently used by courts to assess the sufficiency of complaints in similar wrongful foreclosure matters in other federal jurisdictions.

[5] The substantive analysis of the 12(b)(6) section of this motion to dismiss is governed by Rhode Island law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Barton v. Clancy, 632 F.3d 9, 17 (1st Cir. 2011).

the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1949-50 (quoting Twombly, 550 U.S. at 555).  Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  Stated another way, the pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." Id.

      **2.**      **Both Counts I and II Should Be Dismissed Because Plaintiffs Lack Standing to Challenge Assignments of the Mortgage**

Under Rhode Island law, only the parties to a contract or a contract's intended third party beneficiaries may seek to have rights declared under the contract.  See, e.g., Brough v. Foley, 525 A.2d 919, 921-22 (R.I. 1987) (plaintiffs lacked standing to challenge the validity of an assignment because they were "strangers to those transactions" and "given no rights under the contract to challenge the transactions.").  Thus, a plaintiff who was not party to an assignment of a mortgage has no standing to raise or challenge the validity of that assignment or seek relief based thereon.  See Fryzel v. Mortgage Elec. Registration Sys., Inc., Report and Recommendation, No. 1:10-CV-00352 (D.R.I. June 10, 2011) (Martin, J.); Cosajay v. Mortgage Elec. Registration Sys., Inc., Report and Recommendation, No. 1:10-CV-00442 (D.R.I. June 23, 2011) (Martin, J.);[6] see also Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 Fed. Appx. 97, 102 (6th Cir. 2010) (applying Michigan law).

---

[6] Copies of Fryzel and Cosajay are attached to this Memorandum as Exhibits B and C, respectively, for the Court's ease of reference.

This Court recently recommended dismissal in two cases where the plaintiffs sought declaratory judgment in the foreclosure context because the plaintiffs had no standing under Rhode Island law to base their claims on allegedly invalid assignments of their mortgage. Fryzel, Report and Recommendation, at *37; Cosajay, Report and Recommendation, at *35.[7] In Fryzel, the plaintiffs argued that, because a series of assignments of their mortgage were invalid, the defendants had no power to foreclose against the property that secured the mortgage. Id. at *7, 10. Relying on the well settled Rhode Island law that only parties to a contract or third party beneficiaries may seek to have rights declared under a contract, this Court recommended that plaintiffs' claims be dismissed. Id. at *29 (citing Brough, 525 A.2d at 921-22); see also State v. Med. Malpractice Joint Underwriting Ass'n., No. 03-0743, 2005 R.I. Super. LEXIS 97, at *5 (R.I. Super. Ct. June 7, 2005) ("Only parties to the contract or intended third party beneficiaries may seek to have rights declared under a contract."). This Court's analysis in Cosajay is substantially the same as that in Fryzel. See Cosajay, Report and Recommendation, at *25.

Here, similar to the situation in Fryzel and Cosajay, Plaintiffs allege that an invalid series of assignments of their mortgage entitle them to relief from foreclosure. The Complaint fails to allege, however, that Plaintiffs were parties to any of the allegedly invalid assignments. Thus, Plaintiffs have no standing to challenge those assignments or to fashion a claim for relief based thereon under the holdings of Fryzel and Cosajay. Only parties to those assignments can challenge them, and no challenge has been raised by any of the three defendants in this case. Therefore, both Counts I and II should be dismissed because Plaintiffs lack standing to base those claims on allegedly invalid assignments to which Plaintiffs were not parties.

---

[7] This Court decided to treat this type of "standing" argument as one best analyzed under Rule 12(b)(6) instead of under Rule 12(b)(1). See Fryzel, Report and Recommendation, at *22; Cosajay, Report and Recommendation, at *16.

### 3. Both Counts I and II Should Be Dismissed Because the Complaint Itself Alleges a Valid Assignment of the Mortgage from MERS to CitiMortgage and from CitiMortgage to FNMA

Even if Plaintiffs may challenge the validity of assignments of their mortgage, both Counts should be dismissed because the alleged operative wrong that gives rise to both Counts – invalid assignments of the mortgage between MERS, CitiMortgage, and FNMA – is disproven by an attachment to the Complaint and is not disputed by any facts alleged in the Complaint.

Where a written instrument that is either attached to the complaint or incorporated into the complaint by reference contradicts with allegations contained in the complaint itself, a court will look to the terms of the written instrument. In other words, the facts set forth in the written instrument trump the contradictory allegations in the complaint. Clorox Co. Puerto Rico v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir. 2000); Hatch v. Pitney Bowes, Inc., 2005 U.S. Dist. LEXIS 44995, at *14 n.6 (D.R.I. Dec. 1, 2005) (Martin, J.) (rev'd in part on other grounds) (citing Clorox).

Here, the Complaint baldly alleges that the assignment from MERS to CitiMortgage was invalid because it was executed by Kim Krakoviak, who "was an employee of CitiMortgage, not an employee of MERS" (Compl. ¶ 12), who had no authority to assign anything on MERS' behalf. (Compl. ¶¶ 11-16.) According to the Complaint, because Kim Krakoviak had no authority to assign the mortgage away from MERS, CitiMortgage never possessed the mortgage, and, thus, could not have assigned it to FNMA, leaving FNMA powerless to foreclose against the Property. (Compl. ¶ 26.)

According to documents attached to the Complaint, however, Kim Krakoviak was a "Vice President" of MERS (not CitiMortgage) at the time of execution of the assignment, as evidenced by the assignment itself. (Compl., Exh. 3.) Thus, the assignment contradicts the Complaint (¶ 12), which baldly and conclusorily claims, in the face of the plain language of the

assignment, that Kim Krakoviak was an employee of CitiMortgage, not MERS, at the time of the assignment.[8] Because the language of the assignment <u>trumps</u> the contradictory allegation of paragraph 12 of the Complaint, the terms of the assignment govern over paragraph 12 for purposes of this Motion to Dismiss as set forth in <u>Clorox</u>.

Because Kim Krakoviak was a MERS employee who executed the assignment of the mortgage to CitiMortgage, and because Plaintiffs have presented no evidence to the contrary, then, for purposes of this Motion, the mortgage was properly assigned to CitiMortgage and CitiMortgage's subsequent assignment of the mortgage to FNMA was also valid. Thus, FNMA owns the mortgage and all of the rights that accrue to it thereunder.[9] Without an invalid assignment, this Complaint alleges no wrongdoing against CitiMortgage or against MERS or FNMA. Therefore, because the plain language of the assignment attached to the Complaint demonstrates that the document was properly executed on MERS' behalf by its own employee, there is no operable wrongdoing to support claims for declaratory judgment or to quiet title, and both Counts should be dismissed as against CitiMortgage.

### 4. Both Counts I and II Should Be Dismissed Because Plaintiff's Argument that Only the Original "Lender" Can Foreclose Fails as a Matter of Law

The Complaint alleges that only CitiMortgage, listed as the "Lender" in the mortgage, can foreclose against the Property. (Compl. ¶¶ 10, 30, 33-42.) The Complaint cites paragraph 22 of the mortgage to support its theory, which states that "Lender . . . may invoke the STATUTORY POWER OF SALE". (Compl. ¶ 32.) The Complaint fails to cite other paragraphs of

---

[8] Plaintiffs' theory appears to be that, because the assignment was executed in Missouri where CitiMortgage is based, Kim Krakoviak must have been a CitiMortgage employee and not a MERS employee. (Compl. ¶¶ 12-15.) This creative theory cannot refute the plain, unambiguous language of the assignment itself which states that Kim Krakoviak was a MERS employee at the time of execution.

[9] The Complaint's allegation that the lack of a Power of Attorney authorizing Kim Krakoviak to act on MERS' behalf also invalidates that the assignment (¶ 18) is also trumped by the plain language of the assignment document because, according to that assignment, Kim Krakoviak was a MERS officer who did not need a Power of Attorney to act on MERS' behalf.

the mortgage that provide not only the original Lender but also its successors and assigns the right to foreclose. These paragraphs include paragraphs 13 (terms of mortgage "shall bind . . . and benefit the successors and assigns of Lender") and 20 (mortgage may be sold "one or more times without prior notice to" Plaintiffs). (Compl. Exh. 2 at 10 & 11 of 16.)

The Complaint's theory has been rejected as a matter of law on analogous facts. Most recently, the United States Court of Appeals for the Fourth Circuit rejected the same theory advanced by the Complaint here – *vis*, that only the original "Lender" could foreclose under the terms of the mortgage. Horvath v. Bank of New York, N.A., 2011 U.S. App. LEXIS 10152, at *11-12 (4th Cir. May 19, 2011). The Court rejected the plaintiff's argument that only the original lender could foreclose based, in large part, on the presence of other provisions in the mortgage that it could be "sold . . . without prior notice to Borrower" and that "the covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." Id. at *12-14. A Superior Court of Rhode Island opinion is in accord with the holding of Horvath, and similarly rejects the narrow reading of the term "Lender" under Rhode Island law that was advocated by the plaintiff in Horvath. Bucci v. Lehman Bros. Bank, FSB, 2009 R.I. Super. LEXIS 110, at *9-12 (R.I. Super. Ct. Aug. 25, 2009).

The reasoning applied by the court in Horvath applies equally here. In fact, two of the mortgage provisions cited by the Horvath court as undermining of plaintiff's lender-only theory in that case are identical to provisions found in the mortgage in this case (pertinent parts of mortgage paragraphs 13 and 20, described above). The holding in Bucci, by its rejection of the narrow reading of the term "Lender" under Rhode Island law, further supports the application of Horvath's reasoning in this case. Therefore, because the plain language of the mortgage and the current case law addressing Plaintiffs' lender-only theory reject that theory, Plaintiffs' claims for

declaratory judgment or to quiet title fail as a matter of law, and both Counts should be dismissed as against CitiMortgage.

### 5. The Declaratory Judgment Claim (Count I) Should Be Dismissed Because it is Duplicative of the Claim to Quiet Title

A claim for declaratory judgment under the Rhode Island Uniform Declaratory Judgment Act should be dismissed where it constitutes nothing more than an additional cause of action for the determination of identical issues as those involved in a separate, substantive cause of action alleged in the same complaint. See Berberian, 332 A.2d at 123-24; accord Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010) (California law). Under Rhode Island law, although a court may exercise discretion in determining whether to allow a claim for declaratory relief, the "existence of another remedy" and the "availability of other relief" mitigate against allowing the duplicative claim. Berberian, 332 A.2d at 123-24.

In the foreclosure context, a claim for declaratory judgment by a mortgagor is duplicative of a quiet title claim brought in the same complaint because the "quiet title claim will necessarily determine" who owns the mortgagor's property. Jensen, 702 F. Supp. 2d at 1189. In such a case, the separate declaratory judgment claim should not be used to determine identical issues subsumed in the quiet title claim, and should be dismissed. Id.

Here, Count I for declaratory judgment is duplicative of the cause of action alleged in Count II to quiet title. (Compl. ¶¶ 67-69 (and relief requested thereunder), Compl. ¶¶ 70-74 (and relief requested thereunder).) Thus, Count I for declaratory judgment does nothing to afford Plaintiffs a new form of relief as compared to that requested in Count II to quiet title, and should be dismissed under the rule set forth in Berberian and the rationale of Jensen.

### 6. The Claim To Quiet Title (Count II) Should Be Dismissed

The quieting title claim (Count II) should be dismissed because it fails to allege facts expressly required by the statute that sets forth the procedure to properly quiet title under Rhode Island law.

The statute requires a complaint to contain "particularized" allegations setting forth five specific categories of facts to state a claim thereunder. Harold W. Merrill Post No. 16 Am Legion v. Smith, 360 A.2d 110, 111-12 (R.I. 1976) (requiring "particularized factual support" to state a claim under the statute, R.I. Gen. Laws § 34-16-5). The Complaint, however, completely lacks two specific categories of facts that are required to be alleged by the statute itself, as discussed below.

No Description of Involved Real Estate. The statute requires a complaint to include, among other things, a "complete and accurate description of the real estate involved, and the right, title and interest of the plaintiff claimed therein and the character and source thereof." R.I. Gen. Laws § 34-16-5(1). The Complaint, however, only alleges that Plaintiffs "are residents of the Town of North Providence," that the "subject property is located at 8 Florence Street, North Providence, Rhode Island," (Compl. ¶ 1), and that Plaintiffs "executed a mortgage . . . which named MERS . . . as the Mortgagee" in 2007, (Compl. ¶ 9.) Without more, the Complaint fails to allege the "right, title and interest" in the Property claimed by Plaintiffs with particularized facts as required by the statute and the holding in Merrill. For this reason alone, Count II should be dismissed.

No Recital of Adverse Claims. The statute also requires a complaint to include a "recital of the character and source of claims adverse, or which may become adverse, whether asserted or unasserted, and, if unasserted, then of record." R.I. Gen. Laws § 34-16-5(2). The Complaint is bare of any allegation of what either of the Defendant's current adverse interest in the property might be. Instead, the Complaint expressly alleges that CitiMortgage "never invoked the

statutory power of sale in this matter." (Compl. ¶ 34.)  The logical conclusion from this allegation is that CitiMortgage has no claim adverse whatsoever.  In any event, every mortgagee has a right to foreclose on the property subject to the mortgage if the necessary conditions precedent are satisfied, and the Complaint does not state that such conditions were not satisfied in this particular case.  In other words, the Complaint lacks any allegations as to the "character and source of the claims adverse" as required by the statute.[10]   For this reason alone, Count II should be dismissed.

## CONCLUSION

For the foregoing reasons, CitiMortgage's Motion to Dismiss should be granted and Plaintiffs' Complaint should be dismissed.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7(e), CitiMortgage respectfully requests oral argument on its motion to dismiss.

CITIMORTGAGE, INC.,

By its Attorneys,


/s/ Joseph A. Farside
Joseph A. Farside (#7559)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI  02903
Telephone:  (401) 455-7648
Facsimile:   (401) 276-6611

---

[10] In any event, the Complaint's allegations in this regard certainly do not allege "particularized factual support" to establish this element as required by Merrill.

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 7th day of July, 2011, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

      /s/ Joseph A. Farside